FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT ~~ D.~

★   APR 05 2024   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

GARRETT B. TUPPER JR.

                        Plaintiff,

    -against-

THE STATE OF NEW YORK,

JUDGE DAVID P. SULLIVAN,

MAUREEN O'CONNELL

ARTHUR NASTRE

RONALD D. WEISS  P.C.

FRIEDMAN AND VARTOLO, LLP,

KNUCKLES KOMOSINSKI AND MANFRO, LLP,

RICHARD F KOMOSINSKI,

MICHAEL WILLIAM NARDOLILLO,

JULIANA THIBAUT,

ZACHARY ROBIN GOLD,

SEAN MONAHAN

                   Defendants,

-------------------------------------------------------------------X

Case No.:_____

# CV 24 2582

**COMPLAINT**

Request Jury Trial

Reserve Right To Amend

# BROWN, J.

LOCKE, M. J.

TO THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

### 5.5 MILLION DOLLAR CIVIL LAWSUIT FOR JUDICIAL WRONGFUL FORECLOSURE BREACH OF CONTRACT AND THIS CLAIM IS ALSO FOR THE ATTORNEYS' ASSETS

**COMES NOW**, Garrett Tupper Jr., proceeding pro se, and files his civil lawsuit for judicial

wrongful foreclosure/breach of contract on the property located at  537 Liberty ave, Williston

Park, NY 11596. The Plaintiff moves this court for judgment based on the following facts and

case law. The attorney illegally signed the notice of default letter to initiate the foreclosure on behalf of the trustee without legal authority. This fatal flaw robbed the Supreme Court of The State of New York Nassau County of jurisdiction in this case. The fatal flaw is verification that the attorney who initiated the judicial foreclosure did not have standing and judgment should be in favor of the plaintiff. Furthermore, there are additional issues in dispute in this case.

## THE ORIGINAL CONTRACT WAS ALTERED AND STOLEN

The original contract in this case was altered, stolen and that there was an addition to the agreement with the following items that are missing from the contract filed in this case:

1.  The intent of the agreement is that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,

2.  The bank or financial institution involved in the alleged loan will follow GAAP,

3.  The lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,

4.  The borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument,

5.  The borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP, thus ending all interest and liens, and

6.  The written agreement gives full disclosure of all material facts.

## FACTS OF THE DISPUTE

7.  The bank advertised that they loan money.

8.   I applied for a loan.

9.   They refused to loan me a legal tender or other depositors' money to fund the alleged bank loan check.

10.   The bank misrepresented the elements of the alleged agreement to the alleged borrower.

11.   There is no bona fide signature on the alleged promissory note.

12.   The promissory note is a forgery.

13.   The promissory note—with my name on it— obligates me to pay $291,675.00 plus interest, giving it value today of $4,083,450.00 if it were sold to investors.

14.   The bank recorded the forged promissory note as a loan from me to the bank.

15.   The bank used this loan to fund the alleged bank loan check back to me.

16.   The bank refused to loan me legal tender or other depositors' money in the amount of $291,675.00 or repay the unauthorized loan it recorded from me to the bank.

17.   The bank changed the cost and the risk of the alleged loan.

18.   The bank operated without my knowledge, permission, authorization, or agreement.

19.   The bank denied me equal protection under the law.

20.   The bank refused to disclose material facts of the alleged agreement and refused to tell me if the agreement was for me to fund the alleged bank loan check or if the bank is to use the bank's legal tender or other depositors' money to fund the bank loan check.

21.   They refused to disclose whether the check was the consideration loaned for the alleged promissory note.

22.    The bank failed to disclose if the promissory note is money or not money.

23.    It appears the bank recorded the promissory as an unauthorized loan from me to the bank.

### SCHEME TO DEFRAUD

24.    The contract filed in this case is forged and missing at least 6- provisions that are listed in the original contract.

25.    The foreclosure statute used to provide the court with jurisdiction is not a valid law as it is missing the 3 elements the State Constitution mandates must be present to be a valid law.

26.    The State constitution mandates all laws are to be enacted and have an enacting clause, a title, and a body.

27.    Original Contract with the signatures of both the alleged borrower, and the lender have never been filed in court to verify there was a bilateral contract.

28.    Without a certification of the accounting entries of the attorneys cannot verify there was a debt.

29.    The law firms who represented the suing party did not have a license to be debt collectors, and the fact the attorneys filed a defective affidavit with no firsthand fact witness to deceive the court, resulted in multiple inequities to everyone involved other than the perpetrators. If we accept the premise of the court's intention to produce justice and equity, then only a court of equity can declare the rights of the parties, enjoin parties from asserting nonexistent rights, and order disgorgement of windfall profits from illegal activities. The suing party violated the

principles of law, and obstructed the administration of justice, the default judgment must be vacated in the interest of justice.

## THE DEFENDANT ILLEGALLY FORECLOSED ACTING AS A 3RD PARTY DEBT COLLECTOR

30.    One of the defendants,  Richard F. Komosinski, and his law firm, Knuckles, Komosinski, and Manfro, LLP.,  initiated the unlawful judicial foreclosure acting as a 3rd party debt collector. The attorney and the law firm are the only corporations who signed the documents to start the unlawful foreclosure. The attorney used the power of sale clause in the deed of trust to initiate the wrongful foreclosure.

31.    The power of sale clause was not disclosed to the homeowner at signing, and the clause is in violation of the Constitution. The attorney cannot verify agency or produce a power of attorney to verify the lender is involved with the unlawful foreclosure. The attorney signed the notice of default letter to start the foreclosure, acting as a 3rd party debt collector, without standing, and unlawfully filed the foreclosure against the plaintiff's property.

## THE SUPREME COURT OF THE STATE OF NEW YORK NASSAU COUNTY CASE IS A VIOLATION OF 22 USC 611-& THE 11TH AMENDMENT

32.    There is no admissible evidence to verify the lender signed a contract to provide a loan, and therefore the judicial foreclosure is fraud. The mere fact the lender accepted the borrower's name on the lien to the property will prove the borrower owned the property free and clear. The attorney is acting as a "Foreign Agent" in violation of the 11th Amendment and in violation of 22 USC 611. The plaintiff hereby complains and alleges the following claims for relief under "Civil Rico" Federal Racketeering laws (Title 18 U.S.C. 1964) as the lender has established a "pattern of racketeering activity" by using the U.S. Mail more than twice to collect an unlawful debt and the

defendants are in violation of Title 18 U.S.C. 1341, 1343, 1961 and 1962. The defendants have

obstructed the administration of Justice, and violated the Plaintiff's right to "Due Process."

## THE DEFENDANT IS IN VIOLATION OF THE F.D.C.P.A

33.    The plaintiff alleges the non- judicial foreclosure is "Void" because the foreclosure was

initiated by a party without standing. The defendant did not have legal authority to sign the notice

of default letter on behalf of the trustee. The defendant violated Federal Laws and the provisions

defined in 15 U.S.C. Sec. 1692, false misrepresentation while collecting a debt. The defendant

wrongfully foreclosed on the plaintiff and violated the Truth in Lending Act, Regulation Z, 12

CFR §226.23, breached the contract and slandered the title. Plaintiff also brings his claim forward

for slander of credit and infliction of emotional, distress. The defendants in this case are debt

collectors as advertised in the media and noted at the bottom of the business emails. The

defendants violated the FDCPA, including **misrepresentation, fraud, harassment, unfair**

**means, and deception to collect a debt.**

34.    The above-mentioned claims are fatal flaw to the judicial foreclosure action and renders

the foreclosure **void**, including the JFS in Supreme Court of The State Of New York Nassau

County, Case No.: 614054/2018.  The attached exhibits will verify the foreclosure was initiated

by a party without standing (exhibit A). The Supreme Court Of The State of New York Nassau

county did not have jurisdiction and did know, or should have known, the fact that the judicial

foreclosure was and is unlawful and void.

## LACK OF STANDING

35.    The defendant who initiated the judicial foreclosure did not have standing to execute the

power of sale clause in the deed of trust, which was canceled pursuant to 15 U.S.C. 1635, on

April 8, 2014.(Exhibit B). The lack of authority to execute the power of sale clause and the other claims mentioned herein is the basis for this wrongful foreclosure lawsuit.

## VIOLATION OF THE TRUTH IN LENDING ACT

36.    The defendant violated the Truth in Lending Act, Regulation Z, 12 CFR §226.23,  and 15 U.S.C. 1635 which states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The plaintiff did in fact Rescind the Loan on April 8, 2014, pursuant to 15 U.S.C. 1635, approximately 18 months after signing the refinance on October 19, 2012, which was well within three years required under the statute (Exhibit B).

37.    This matter is in controversy solely because the original creditor, J.P. Morgan Chase failed to comply with 15 U.S.C. 1635(b), by filing a satisfaction of mortgage with the Nassau County recorder's office, after the debtor rescinded the loan, pursuant to 15 U.S.C. 1635, on April 8, 2014. The county recorder, Maureen O'Connell failed to record the Notice of Cancellation upon requests. The county recorder's attorney, Arthur Nastre, said they don't follow federal law in Nassau County, and refused to file my Notice Of Cancellation depriving the plaintiff of due process (Exhibit C). Pursuant to 15 U.S.C 1635 and 12 CFR § 1026.23(d) the note and mortgage that gave rise to the right of rescission became void, by operation of law, upon the event of Rescission. **Rescission is an event not a claim.** After A Notice Of Cancellation is sent, **foreclosure is impossible** due to the fact that the **note and mortgage are canceled by operation of law.** The debt remains and reverts to the statute at 15 U.S.C. 1635(b) for collection. The defendants are proceeding as though they had a right to foreclose, or to collect the debt, other than the method for collection prescribed in 15 U.S.C. 1635(b), and are subject to sanctions.

38.    15 U.S.C. 1635(b): Return of money or property following rescission. When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and **any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission**.

39.    In the Landmark SCOTUS TILA case *Jesinoski v. Countrywide Home Loans, Inc*. 574 U.S. 259 (2015), The Supreme Court held, in a unanimous ruling, that borrowers need **only provide written notice to their lender within the 3-year period to effectuate rescission**. The defendants have ignored the statute at 15 U.S.C. 1635, and The Supreme Court Of The United States in the SCOTUS case: *Jesinoski vs Countrywide Home Loans Inc*. 574 U.S. 259 (2015). The defendants failed to follow federal law throughout the entire proceedings, depriving the plaintiff of due process. This case should have been dismissed in the original case index# 007870/2015, when the court was noticed of the event of Rescission that occurred April 8, 2014.  If this Honorable Court finds that the plaintiff executed the documents on October 19, 2012, and that the plaintiff sent a Notice of Cancellation on April 8, 2014, (on File with 3 govt agencies since 2014, Exhibit B) then the debtor clearly exercised the right to rescind, and the mortgage is void, and the debtor is not liable, and the judgment must be vacated.

## JURISDICTION

40.    The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law.

41.    The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal

law: "The district courts shall have original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### THE TWO JURISDICTIONS FOR THE COURT TO OPERATE UNDER:

42.    Plaintiff is only aware of two jurisdiction the court can operate under as per the
Constitution, and those jurisdictions are **Common Law**, and **Admiralty Jurisdiction**.

43.    If the court chooses to proceed under Admiralty Jurisdiction, plaintiff will need the
court to inform her where the rules of procedures for admiralty jurisdiction can be found.

### A FEDERAL QUESTION- JURISDICTION AND STATEMENT OF A CLAIM:

44.    The test for determining whether allegations are sufficient to confer federal question
jurisdiction has two prongs.

45.    First, pursuant to statute, the plaintiff must present a federal question-a claim "arising
under the Constitution, laws, or treaties of the United States. See: 18. 28 U.S.C. § 1331 (1982).
This statutory requirement is grounded in the Constitution. See *U.S. Const. art. III, § 2.* "1"
Second, courts have added the requirement that the federal question must be "substantial." See
*Hagans v. Lavine,* 415 U.S. 528, 536-38 (1974); *Bell v. Hood,* 327 U.S. 678, 682-83 (1946); 13B
*C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3564,* at 66-77 (1984).

46.    The plaintiff pleaded factual content and evidence that is documented in the defendant's
records that allows the court to draw the reasonable inference that the defendant is guilty of
violating Federal Laws when he/she signed the default letter on behalf of the trustee without legal
documentation to verify legal authority.

47.     The exhibit marked "A" will show the document used to execute the power of sale clause in the deed of trust was signed by a party that did not have standing to initiate the Judicial Foreclosure and therefore the foreclosure is void.

48.     The exhibit marked "D" is a document in the mortgage investigation (Exhibit E) which shows who the legal trustee is in the deed of trust.

## INVESTIGATION INTO THE MORTGAGE SHOWS INTEREST IN THE TUPPER INTANGIBLE OBLIGATION STRIPPED AWAY AND NO WAY TO ENFORCE THE CONDITIONS UNDER THE TUPPER MORTGAGE,
## THE TUPPER MORTGAGE CONTRACT IS A NULLITY

49.     JP Morgan Chase Bank retained no beneficial interest in the Tupper Intangible Obligation after selling the Tupper Intangible Obligation to Fannie Mae shortly after the October 15, 2004 signing. No acceptable assignments of the Tupper Mortgage to the FNMA 2004-88 Trust have been recorded into the Official Records of the Nassau County Clerk&#39;s Office. There is no evidence of negotiations of the Tupper Note to the FNMA 2004-88 Trust. With no properly recorded owner of the Tupper Mortgage, there is no one to enforce the conditions over the Tupper Intangible Obligation which is no longer evidenced by the Tupper Note. The Tupper Intangible Obligation is no longer secured by the Tupper Property.

50.     Having no specific properly secured owner of the limited beneficial interest of the Tupper Note, there is no way to enforce the stripped-away Tupper Intangible Obligation through the Tupper Note. There is a lack of agent principal relationship in this contract. We have a party named to the Mortgage being US Bank Trust National Association as Trustee of Dwelling Series IV Trust. We have an as of Yet Unnamed Payee to the Note and we have the Guaranteed REMIC

Pass-Through Certificates Fannie Mae REMIC Trust 2004-88 with ownership of the intangible

obligation (the Debt). So we have three (3) separate parties on the three separate parts of the loan

and no one with the proper rights to enforce the Note as a secure creditor or holder of the Note

(Exhibit E).

## RESERVATION OF RIGHTS UNDER UCC-1-308

51.    I have reserved my rights under the UCC 1-308, formally 1-207, and demand the

statutes used in this court be construed in harmony with Common Law.

52.    The code is complimentary to the common law, which remains in force, except where

displaced by the code.

53.    A statute should be construed in harmony with the common law unless there is a clear

legislative intent to abrogate the common law.

54.    The code was written as not to abolish the common law entirely. I was not involved with

an international maritime contract, so in good faith, I deny that such a contract exists, and demand

the court proceed under Common Law Jurisdiction.

55.    The fact the defendants issued a notice of default letter to execute the power of sale clause

in the deed of trust will verify the defendants contracted to provide a loan to the plaintiff, and the

defendants owed a legal duty to the plaintiff.

56.    The defendant's duty was breached because they never provided a loan to the plaintiff.

57.    The alleged loan was an exchange of the plaintiff's signed promissory note for electronic

credits from Federal Reserve.

58.    Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. UCC §1-201(24), §3-104, §3-306, §3-105, UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511, UCC §§9-102(9), (11), (12)(B), (49), (64), 12 USC 1813(l)(1).

59.    The defendant's accounting records will show the corporation has an offsetting liability to the homeowner pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR), and the alleged loan was always an asset to the defendants.

60.    These records include:

a. **FR 2046 balance sheet,**

b. **1099-OID report,**

c. **S-3/A Registration Statement,**

d. **424-B5 Prospectus and,**

e. **RC-S & RC-B Call Schedule.**

61.    The corporation never **registered** the commercial instrument because they knew it was a financial asset to the debtor, and that failure to register was a breach.

62.    The breach of contract has damaged the plaintiff in the following manner, and plaintiff is demanding compensatory damages to reimburse the plaintiff for costs associated with the injury. All the monthly payments made on a fake loan plus interest for the number of 10 years payments were made, and legal expenses, and the time and effort of upkeep, and the court filings and process servicers etc; $1,000,000.

63.     Plaintiff also demands punitive damages as a remedy for the defendant's conduct that was intentional and excessively reckless. The wrongful foreclosure has caused negative effects on plaintiff's credit report.

64.     The plaintiff also has other claims for relief because he will prove there was or a conspiracy to deprive him of property without the administration of justice, in violation of plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong).

65.     Under Title 18 U.S.C.A. 241 (Conspiracy), violators "shall be fined not more than $10,000 or imprisoned not more than ten (10) years or both." **The foreclosing party lacked standing to foreclose** because they did not have legal authority to execute the power of sale clause in the deed of trust, and therefore the "Notice of Default and Election To Sell" document has a "Fatal Defect" which robbed the legal system of Jurisdiction and the Judicial foreclosure is unlawful.

66.     The legal Trustee is the person who has standing to execute the power of sale clause in the deed of trust. In this case there is no legal trustee because the promissory note and deed of trust were **never registered into the trust**, because the promissory note was bundled and sold during the securitizing process (Exhibit E), and the note and deed of trust were canceled April 8, 2014 pursuant to 15 U.S.C. 1635 (Exhibit B).

67.     The deed of trust states the repayment of the debt is evidenced by the "NOTE," however the "Original" note was not filed in the record or included in the notice of "Notice of Default" letter, and defendants have been unable to produce the original note because the note was bundled

and sold in securitization process, (Exhibit E) and in addition the note was canceled April 8, 2014, pursuant to 15 U.S.C. 1635 (Exhibit B).

68.    Without that Note, the defendants cannot verify there was any debt.

69.    It is well known in the legal community **a trust deed** is always used together with a **promissory note** that sets out the amount and terms of the alleged loan.

70.    The deed of trust, and the promissory note must always be together, and without the note and the loan accounting entries, the attorney has failed to prove there was any debt, a second fatal flaw to the wrongful foreclosure. The trust deed was canceled pursuant to 15 U.S.C. 1635 on April, 8 2014, returning title to the plaintiff as a matter of law. (Exhibit B).

71.    The debt collector company cannot at any point engage in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect debt. The attorneys are in violation of the **FDCPA**, as they do not have  licenses to collect a debt, they have no bond in place to be  debt collectors and they are not registered in the States they are attempting to collect in. These legal documents must be placed on the court record to verify the defendants are legal debt collectors.

Plaintiff's claims are brought forward Under Common Law:

## **ELEMENTS FOR COMMON LAW**

72.    Controversy (The listed defendants)

73.    Specific Claim (wrongful foreclosure)

74.    Specific Remedy Sought by Claimant (5.5 million dollars)

75.    Claim Must be Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein is true.

## ELEMENTS OF A FDCPA CLAIM

76.    A plaintiff who brings a suit under the FDCPA must prove the following elements in order to successfully make out his/her claim:

(a) That plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 a (3);

(b) That the debt arises out of a transaction entered for personal purposes.

(c) That the defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6); and

(d) That the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692 a-1692.

77.    The plaintiff is a consumer as shown by the alleged mortgage loan and unlawful judicial foreclosure filed in Supreme Court Of The State Of New York County of Nassau against the plaintiff's property Index No.: 614054/2018.

78.    The alleged loan was to secure personal housing for the plaintiff and his family. The defendant is a debt collector as noted in their emails and phone communications as well as the business description.

79.    The defendant violated provisions defined in 15 U.S.C. Sec. 1692 false misrepresentation in the course of collecting a debt.

80.    The FDCPA mandates debt collectors can't use false, deceptive, or misleading practices.

## PARTIES

81.    Plaintiff, Garrett Tupper Jr. is a resident of Nassau County, New York.

Defendants:

(a) The State Of New York

(b) Judge David P. Sullivan of the Supreme Court of The State of New York County of Nassau.

(c) Maureen O'Connell is the Nassau County Clerk.

(d) Arthur Nastre is the attorney for The Nassau County Clerk.

(e) The Law Office of Ronald D. Weiss P. C. is believed to be a law firm corporation operated from Suffolk County, New York and is in the business of foreclosure defense and bankruptcy in Nassau County, New York.

(f) Friedman and Vartolo, LLP is believed to be a law firm corporation operated from New York County, New York and is in the business of conducting judicial foreclosures in Nassau County, New York.

(g) Knuckles Komosinski and Manfro, LLP is believed to be a law firm corporation operated from Westchester County, New York and is in the business of conducting judicial foreclosures in Nassau County, New York.

(h) Richard F. Komosinski is believed to be an agent of the law firm Knuckles, Komosinski, and Manfro, LLP.

(i) Michael William Nardolillo is believed to be an agent of the law firm Friedman and Vartolo, LLP.

(j) Juliana Thibaut is believed to be an agent of the law firm Friedman and Vartolo, LLP.

(k) Zachary Robin Gold is believed to be an agent of the law firm Friedman and Vartolo.

(l) Sean Monahan is believed to be an agent of the law firm Friedman and Vartolo.

## THE TRUTH IN LENDING ACT, REGULATION Z, 12 CFR §226.23 AND 15 USC 1635

82.    The original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange. The failure to disclose the true nature of the exchange is clearly misrepresentation, fraud, harassment, unfair means, and deception to collect debt.

## BREACH OF CONTRACT

83.    On October 19, 2012 the plaintiff accepted an unsolicited offer to refinance his home loan from J.P. Morgan Chase Bank, N.A. Plaintiff accepted the offer and refinanced his home loan from J.P. Morgan Chase Bank, N.A., in the approximate amount $291,675.00.

84.    The plaintiff was never provided a loan; the original debt was actually zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

85.    The alleged loan was created with plaintiff's signature because all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(l)(1), UCC §1-201(24), §3-104, §8-102(9), §§9-102(9), (11), (12)(B), (49), (64).

86.    These statutes define a promissory note or security to be negotiable (sellable) because it is a financial asset.  This is necessary because contracts requiring lawful money are illegal

pursuant to Title 31 USC §5118(d) (2). All debts today are discharged by promises to pay in the future.

87.    Federal Reserve notes are registered securities and promises to pay in the future. They are secured by liens on promissory notes of collateral owned by real people.

88.    The statutes do not provide the Federal Reserve Corporation a monopoly on promissory notes, as debt collectors insist.

89.    Plaintiff's signature created the promissory note in dispute, and it was sold to the Federal Reserve in exchange for plaintiff's signed note.

90.    Plaintiff's promissory note never became a registered security, and a financial asset that can be negotiated because, for commercial instruments to be legal tender, they must be secured by a maritime lien on a prepaid trust account recorded at the county and registered on a UCC-1. It then becomes a registered security and a financial asset that can be negotiated.

91.    The defendants further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet.

92.    **This is called securitization or off-balance sheet financing.** No loan was provided to the plaintiff, and the defendants failed to file evidence on the record to prove a contract existed.

93.    The original contract and an accounting of the loan entries was never filed in the wrongful foreclosure case that was filed against plaintiff's property.

94.    The Attorney, Richard F Komosinski of Knuckles And Manfro, LLP  who signed the Complaint For The Foreclosure of Mortgages as Consolidated and "Notice of Default" document, filed 10/17/2018, to execute the power of sale clause did not have standing, and therefore notice

of default has a fatal flaw, and the foreclosure judgment must be vacated and this claim granted for the full amount demanded.

## **SCHEME TO DEFRAUD**

95.    The note and mortgage **was** rescinded April 8, 2014,(exhibit B) because the defendant did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re *Pearl Maxwell,* 281 B.R. 101

96.    The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded, (and was rescinded April 8, 2014 (exhibit B)), if they have not provided the proper disclosures. The original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

97.    Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset.

98.    But the defendants do not understand that they have this liability because most people are unaware of it.

    a.    UCC §1-201(24), §3-104, §3-306, §3-105,

    b.    UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

    c.    UCC §§9-102(9), (11), (12)(B), (49), (64)

    d.    12 USC 1813(l)(1)

99.    The defendant's records will show the defendants have an offsetting liability to the plaintiff pursuant to **FAS 95, GAAP** and **Thrift Finance Reports (TFR)**.

100.    These records include:

  a. **FR 2046 balance sheet,**

  b. **1099-OID report,**

  c. **S-3/A registration statement**,

  d. **424-B5 prospectus and**

  e. **RC-S & RC-B Call Schedules**

101.    The defendants never registered the plaintiff's signed promissory note (commercial instrument), because they know it is showing as a financial asset on their books.

102.    The defendants did not register the promissory note to establish a security interest in the financial asset to take the position of a secured creditor.

103.    The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC-1.

  a. §8-102(13), §9-203; §9-505, §9-312

  b. 46 USC §§31321, 31343, 46 CFR 67.250, §9-102(52), §9-317, §9-322

104.    Plaintiff demands the original foreclosure claim to be set off for recoupment, and to have the assets cancel out the liabilities according to:

  a. FAS 140, §3-305, §3-601, §8-105, §9-404

105.   It is a violation of both State and Federal law for a bank to sell an unregistered note that is a security. That violation provides a right to rescission of the contract pursuant to Statute 15 U.S.C. 1635. The defendants have never produced an original note because they are unwilling and unable; the note was bundled and sold during the securitization process (Exhibit E). The note and mortgage the defendant claims as evidence to foreclose was canceled pursuant to 15 U.S.C. 1635. The event of rescission occurred April 8, 2014,(exhibit B) which **canceled the mortgage and note by operation of law. Title changed that day as a matter of law. Foreclosure after a Rescission is impossible**, since title changes to the plaintiff that day as a matter of law, and the debt remains and reverts to the statue at 15 U.S.C 1635(b) for collection.

## THE ALLEGED LOAN

106.   The exact monthly payments of the alleged mortgage loan varied according to property taxes and other fees paid but a typical monthly payment was $1434.87 plus payment of taxes and insurance, which was about an additional 1000.00 dollars monthly.

107.   Beginning in October 19, 2012  and continuing until  April 8, 2014, (date of Rescission; Exhibit B) the plaintiff made timely payments to J.P. Morgan Chase.

108.   In October 2018, M.T.G.L.Q Investors, LLP, a party unknown to the plaintiff, falsely claimed the plaintiff was behind on payments and hired Foreclosure attorneys Richard F. Komosinski of Knuckles Komosinski and Manfro LLP., to commence foreclosure.

109.   On October 17, 2018, a Notice of Default was issued,  (there is no default after a Rescission under 15 U.S.C.1635), and signed by Richard F. Komosinski, an attorney working for a 3rd party debt collector, then Freidman and Vartolo, and later a judgment of foreclosure and sale ordered by Judge David P. Sullivan on August 5, 2022,  and date of auction sale of December 6, 2022 was transmitted to the plaintiff. That auction was postponed due to Plaintiff's filing of an emergency

Chapter 13 bankruptcy. Due to errors and negligence by the plaintiffs former attorney

Ronald D. Weiss, that bankruptcy was dismissed, and the plaintiff filed another bankruptcy

to stop the sale for August 8, 2023. On March 8, Michael Nardolillo of Friedman and Vartolo,

requested the matter be restored to the docket, and a sale date of May 10, 2024 is scheduled.

110.    Friedman and Vartolo and/or the attorneys operating the Foreclosure Services

transmitted to various credit reporting agencies, including Equifax, Trans-Union, and Experian,

false, adverse information about the plaintiff, causing his credit to be impaired.

## LEGAL PREJUDICE

111.    Legal prejudice refers to a condition shown by a party that will defeat the action of an

opposing party.

112.    In other words, it is a fact or condition which may defeat the opposing party's case, if

the same is established or shown by a party to litigation.

113.    The plaintiff provides evidence in the notice of default document and the Deed of Trust

that will prove the power of sale was executed by an agent without standing, and this prejudiced

the plaintiff and therefore requests damages both compensatory and punitive as relief for the

prejudice suffered.

## FAILURE TO ESTABLISH AGENCY

114.    The people have rights; Corporations do not have rights. Among these "Rights" is the

right to contract, the people have this right under 42 USC 1981.

115.    The people exercise this right by their signature and/or Social Security Number.

116.    **Corporations cannot sign and therefore cannot enter into any contract, with an attorney.**

117.    The right to contract is reserved to the people. This is established by the age-old principle of "Agency". To establish an "Agency", the "Principal" must ask the "Agent" to perform a task.

118.    The "Agent" must agree to perform the task. It is a time-tested principle, of "American Jurisprudence" that the "Court" must not rely upon the "Agent" to prove "Agency".

119.    The "Court" must follow the "Principal" to establish "Agency". The law is simple, no "Principal" no "Agency" to "Capacity to Sue". Case must be dismissed.

## THE DEFENDANTS ARE DEBT COLLECTORS

120.    The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

121.    This definition includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. In this dispute the debt collector used false, deceptive, and harassing debt collection tactics against the plaintiff.

## INSUFFICIENT SERVICE OF PROCESS

122.    The affidavit of service filed by the plaintiff (exhibit F) contains descriptions that do not match my true physical characteristics at the time of the alleged service, thereby casting

substantial doubt on the legitimacy of the purported service. Specifically, the affidavit describes a person who is 5'8 to 5'11, 40-49 years old, weighs 150-174 pounds, and is White and bald. Contrary to this description, I was 53 years old, weighed 210 pounds, and was not bald at the relevant time, 10/25/2018 at 12:10 PM. There is no one who lives here that fits the description on the Affidavits of Service.

123.    This discrepancy is not merely trivial but indicative of a failure to adhere to the strict requirements for proper service as mandated by New York Civil Practice Law and Rules. Under CPLR § 308(4), personal service is to be made by delivering the summons within the state to the person to be served, a mandate that presupposes an accurate identification of the individual served.

124.    The apparent falsity of the affidavit of service in describing my physical appearance suggests a failure to serve me personally as required by law. Consequently, this improper service constitutes a violation of my due process rights, as proper service is a prerequisite for the court's jurisdiction and the initiation of foreclosure proceedings.

125.    In the case of *"Macchia v. Russo,"* 67 N.Y.2d 592 (1986), the New York Court of Appeals held that the service of process was improper due to the process server's failure to exercise due diligence in attempting to serve the defendant personally or through substitute service before resorting to "nail and mail" service. The court found that the affidavit of service was insufficient and dismissed the case for lack of personal jurisdiction due to improper service. This case underscores the importance of adhering to the statutory requirements for service of process in New York State.

126.    I respectfully request that this Court acknowledge the impropriety of the service of process, set aside the JFS as a result of such service, and dismiss the foreclosure action, in accordance with the principles of due process and the statutory requirements set forth in CPLR § 308 and CPLR § 311(a).

## RECOURSE

127.    The Recourse appears in the Uniform Commercial Code at 1-103.6, which says: The Code is complimentary to the Common Law, which remains in force, except where displaced by the code. A statute should be construed in harmony with the Common Law unless there is a clear legislative intent to abrogate the Common Law.

## ELEMENTS FOR BREACH OF CONTRACT

128.    (a)  There is a contract that was breached.

.        (b) The breach is material.

         (c) The breach leads to direct and/or consequential damages.

         (d) The breach occurred within the last four years.

## 1ST  CLAIM- WRONGFUL FORECLOSURE

The foreclosing party did not have standing to execute the power of sale clause in the deed of trust, and therefore the judicial foreclosure is void.

## 2ND CLAIM- VIOLATION OF THE FDCPA

The defendants violated one or more of the provisions contained in 15 U.S.C. §§ 1692 a-1692.

## 3RD CLAIM- VIOLATION OF THE TRUTH IN LENDING ACT

The Truth in Lending Act, Regulation Z, 12 CFR §226.23, 15 U.S.C 1635. Defendants have ignored the Event of Rescission that occurred on April 8, 2014, when the plaintiff sent his Notice of Cancellation USPS Certified Mail, Pursuant to 15 U.S.C. 1635, immediately voiding the note and mortgage by operation of law. After rescission foreclosure is impossible since the note and mortgage were canceled immediately by operation of law. The debt reverts to the statute at 15 U.S.C 1635 for authority to collect on the debt. The court must dismiss for lack of subject matter jurisdiction for failure to state a claim.

## 4TH CLAIM- BREACH OF CONTRACT

The defendants is in breach of contract, as the original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

## 5TH CLAIM VIOLATION OF FEDERAL TRUST AND LIEN LAWS

The defendant violated Federal Trust and Lien Laws when he/she signed on behalf of the trustee without legal authorization.

## 6TH CLAIM- SLANDER OF TITLE:

The defendants have caused to be recorded various documents including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title.

## 7TH CLAIM- SLANDER OF CREDIT

The plaintiff alleges that the actions and inaction of the defendants have impaired their credit.

## 8TH CLAIM- INFLICTION OF EMOTIONAL DISTRESS

The defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress.

## 9th CLAIM IMPROPER SERVICE

The defendant failed to serve proper notice of the foreclosure proceedings as required by law. The court must dismiss the foreclosure action, in accordance with the principles of due process and the statutory requirements set forth in CPLR § 308 and CPLR § 311(a). *"Macchia v. Russo,"* 67 N.Y.2d 592 (1986).

**WHEREFORE**, having set forth various causes of action against the defendants, the plaintiffs pray for the following relief:

(a). This Court Vacate the foreclosure sale process that is scheduled for May 10, 2024, based on the attorneys' fraudulent misconduct mentioned in the claim, and grant damages.

(b). The actions of defendants be determined unfair and deceptive business practices in violation of Federal Laws, and Federal Security statutes.

(c) To have the alleged debt discharged.

(d) To be awarded compensatory and punitive damages provided for in the amount of 5.5 million dollars including costs and legal expenses.

(e) That the Plaintiff be awarded consequential damages to be fully proved at the time of trial.

(f) That the Court grant any other relief that may be just or equitable.

(g) The defendants contact the credit reporting agencies and correct the false information that was reported to them.

Dated 3/25/2024                              Respectfully Submitted,

Garrett B. Tupper Jr.

537 Liberty ave

Williston Park, NY 11596

347-612-6072

garrett@peoplepc.com

**VERIFICATION**

Garrett Tupper Jr., being duly sworn, deposes and says: I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Garrett Tupper Jr.

Plaintiff

Sworn to before me this

26th day of March 2024

Notary Public

MARIA F. MAWYIN MUNOZ
Notary Public, State of New York
Reg. No. 01MA6268499
Qualified in Queens County
Commission Expires Sept 10, 2024



**VERIFICATION**


Garrett Tupper Jr., being duly sworn, deposes and says: I am the plaintiff in the above-entitled

action. I have read the foregoing complaint and know the contents thereof. The same are true to

my knowledge, except as to matters therein stated to be alleged on information and belief and as

to those matters I believe them to be true.


Garrett Tupper Jr.

Plaintiff


Sworn to before me this

26th day of March 2024

Notary Public

MARIA F. MAWYIN MUNOZ
Notary Public, State of New York
Reg. No. 01MA6268499
Qualified in Queens County
Commission Expires Sept 10, 2024

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GARRETT B. TUPPER JR.

**DEFENDANTS**

See Attached

**(b)** County of Residence of First Listed Plaintiff   NASSAU
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Prose

Attorneys *(If Known)*
N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

*Does this action include a motion for temporary restraining order or order to show cause? Yes☐ No☐"*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability — ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical Slander Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability — ☐ 368 Asbestos Personal ☐ 340 Marine Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability **PERSONAL PROPERTY** | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability — ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal Property Damage Injury ☐ 385 Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Product Liability Medical Malpractice | ☐ 740 Railway Labor Act ☐ 751 Family and Medical | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Leave Act ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence Accommodations ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☒ 290 All Other Real Property | Employment **Other:** | **IMMIGRATION** | | |
| wrongful foreclosure | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692 FDCPA

Brief description of cause:
Wrongful Foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
5.5 Million

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   N/A   DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD
/s/Garrett B. Tupper Jr. Prose

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(c)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?  ☐ Yes  ☑ No

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?  ☑ Yes  ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?  ☐ Yes  ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: Nassau County ▾

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes  ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐  Yes     ☑  No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐  Yes   (If yes, please explain   ☐  No

I certify the accuracy of all information provided above.

**Signature:** _____ /s/Garrett B. Tupper Jr. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

GARRETT B. TUPPER JR.

                plaintiff,

-against-

THE STATE OF NEW YORK,
DAVID P. SULLIVAN,
MAUREEN O CONNELL,
ARTHUR NASTRE,
RONALD D. WEISS P.C.,
FRIEDMAN AND VARTOLO, LLP,
KNUCKLES KOMOSINSKI AND MANFRO, LLP,
RICHARD F. KOMOSINSKI,
MICHAEL W. NARDOLILLO,
JULIANA THIBAUT,
ZACHARY ROBIN GOLD,
SEAN MONAHAN,

                defendants
_____X