UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GARY B. TUPPER JR.,

                              Plaintiff,                    **REPORT AND**
-against-                                              **RECOMMENDATION**
                                                                         2:24-cv-2582 (GRB)(SIL)

THE STATE OF NEW YORK, JUDGE DAVID P.
SULLIVAN, MAUREEN O'CONNELL, ARTHUR
NASTRE, RONALD D. WEISS P.C., FRIEDMAN
AND VARTOLO, LLP, KNUCKLES KOMOSINSKI
AND MANFRO, LLP, RICHARD F. KOMOSINSKI,
MICHAEL WILLIAM NARDOLILLO, JULIANA
THIBAUT, ZACHARY ROBIN GOLD, and SEAN
MONAHAN,

                              Defendants.
-----------------------------------------------------------------------x

**STEVEN I. LOCKE, Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Gary R. Brown for Report and Recommendation, are two motions filed by *pro se* Plaintiff Gary B. Tupper Jr. ("Plaintiff" or "Tupper"). The first is Plaintiff's Emergency Motion seeking a Temporary Restraining Order ("TRO") preventing the enforcement of a Judgment of Foreclosure entered in the Supreme Court of the State of New York, Nassau County. *See* Docket Entry ("DE") [70]. The second is Plaintiff's Motion to Vacate Judgment of Foreclosure and Sale. DE [25]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's Motion for a TRO be denied, and that Plaintiff's Motion to Vacate be denied as moot because Plaintiff subsequently withdrew that motion.

## I.  Background

This action arises out of foreclosure proceedings related to Plaintiff's property located at 537 Liberty Avenue, Williston Park, NY 11596 (the "Property"). *See* DE [1]. On October 17, 2018, non-party MTGLQ Investors, L.P. commenced an action in the Supreme Court of the State of New York, Nassau County, bearing index number 614054/2018 (the "State Court Action"), seeking to foreclose on the Property. *See* State Court Action Affirmation of Sean K. Monahan ("Monahan Aff."), DE [71-2] at ¶ 3. On August 5, 2022, the Supreme Court entered a Judgment of Foreclosure and Sale (the "Judgment of Foreclosure") with respect to the Property. *Id.* at ¶ 11.

On April 5, 2024, Plaintiff commenced this action in this Court, in which he alleges that Defendants initiated unlawful judicial foreclosure proceedings with respect to the Property. DE [1]. Since then, Plaintiff has filed a motion in this Court seeking to vacate the Judgment of Foreclosure. *See* DE [25]. Likewise, on October 11, 2024, Plaintiff commenced a separate quiet title action related to the Property against various entities in the Supreme Court of the State of New York, Nassau County, bearing index number 24-000769. *See* Plaintiff's Motion for TRO, DE [70], Ex. B.

In the instant emergency Motion for a TRO, Plaintiff seeks a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") enjoining enforcement of the Judgment of Foreclosure entered in the State Court Action and halting the foreclosure sale of the Property, which is scheduled for October 21, 2024. DE [70]. Plaintiff argues that, without a TRO, he will face irreparable harm that

2

could unjustly strip him of his property rights. *Id.* Defendants Friedman and Vartolo LLP, Michael W. Nardolillo, Juliana Thibaut, Zachary Robin Gold, and Sean Monahan (collectively, the "Friedman Defendants") oppose Plaintiff's motion on the grounds that Plaintiff did not provide adequate notice and that this Court may not enjoin the Judgment of Foreclosure entered in the State Court Action. *See* Affirmation in Opposition to Plaintiff's Motion for a Temporary Restraining Order ("Friedman Defs.' Opp'n"), DE [71].

Also before the Court is Plaintiff's May 19, 2024 Motion to Vacate the Judgment of Foreclosure and Sale, *see* DE [25], which Judge Brown referred to this Court for a Report and Recommendation. *See* Electronic Order dated May 21, 2024. However, after filing that motion, Plaintiff filed a subsequent motion seeking to withdraw the Motion to Vacate. *See* DE [61]. Therefore, the Court recommends that the Motion to Withdraw, DE [61], be granted and that the Motion to Vacate, DE [25], be denied as moot.

## II.  Standard

In the Second Circuit, the same legal standard governs the issuance of preliminary injunctions and TROs. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). A party seeking a TRO must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a [TRO] is in the public interest." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018); *see*

*also Manning v. City of New York*, No. 24 Civ. 4747, 2024 WL 3377997, at *1-2 (S.D.N.Y. July 11, 2024) (describing standard for evaluating a motion for a TRO). A TRO "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mackey v. U.S. Dep't of Justice*, No. 16-CV-3865, 2017 WL 3670029, at *1 (E.D.N.Y. May 18, 2017) (internal quotation omitted).

In analyzing these standards, the Court recognizes that Plaintiff is proceeding *pro se*, and, as such, his pleadings must be construed liberally, and the Court must interpret them "to raise the strongest arguments that they suggest." *Manning*, 2024 WL 3377997, at *1 (quoting *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023)). However, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

### III. Discussion

In opposition to Plaintiff's Motion for a TRO, the Friedman Defendants argue that Plaintiff failed to provide the notice required by Fed. R. Civ. P. 65 and that the Anti-Injunction Act, 28 U.S.C. § 2283, precludes this Court from granting the relief Plaintiff seeks. *See* Friedman Defs.' Opp'n at 2-4. They are correct.

A. <u>Plaintiff Did Not Provide the Requisite Notice</u>

Pursuant to Fed. R. Civ. P. 65:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

> adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added); *see also Grandy v. BAC Home Loan Servicing, LP*, No. 10-CV-4278, 2010 WL 3842428, at *2 (E.D.N.Y. Sept. 28, 2010) (denying motion for a TRO where the petitioner failed to make the requisite showing pursuant to Fed. R. Civ. P. 65).

It is undisputed that Tupper did not provide notice of the request for a TRO prior to seeking the relief requested herein. Even accepting that Plaintiff's affidavit demonstrates the immediate and irreparable injury, loss, or damage he claims, he fails to certify in writing any efforts he made to give notice or why any such notice should not be required. For this reason alone, the Court recommends that the instant motion be denied. *Gardner-Alfred v. Fed. Reserve Bank of N.Y.*, No. 22-CV-1585, 2022 WL 748249, at *2 (dissolving temporary restraining order where affidavits did not identify efforts made to give notice or provide any reason why notice should not be required).

  B. <u>The Anti-Injunction Act Precludes the Relief Plaintiff Seeks</u>

The Anti-Injunction Act also precludes the relief Plaintiff seeks. The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972) (denying injunctive relief pursuant to 28 U.S.C. § 2283). Courts have observed that the exceptions enumerated in the Anti-Injunction Act are "narrow." *Manning*, 2024 WL

5

3377997, at *2 (citing *Wyly v. Weiss*, 697 F.3d 131, 137-39 (2d Cir. 2012)); *Isaac v. Schiff*, No. 21-CV-11078, 2022 WL 3290679, at *2 (S.D.N.Y. Aug. 11, 2022) (describing exceptions to the Anti-Injunction Act).

Here, Plaintiff seeks to stay foreclosure proceedings in the State Court Action but identifies no applicable exception to the Anti-Injunction Act. Moreover, courts have specifically held that the Anti-Injunction Act bars such relief. *See, e.g.*, *Manning*, 2024 WL 3377997, at *2 ("Courts in the Second Circuit consistently have held that the Anti-Injunction Act bars federal actions that attempt to enjoin state court foreclosure proceedings."); *Ochei v. Lapes*, No. 19-CV-3700, 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) ("Courts in this Circuit have long held that the Anti-Injunction Act applies to state-court evictions proceedings."); *Mackey*, 2017 WL 3670029, at *2 (denying motion for TRO where the plaintiff sough to "collaterally attack a state court judgment of foreclosure").

Therefore, the Court respectfully recommends that Plaintiff's Motion for a TRO be denied.

C.     Motion to Vacate Judgment

Finally, on May 19, 2024, Plaintiff filed a Motion to Vacate the Judgment of Foreclosure pursuant to Fed. R. Civ. P. 60, *see* DE [25], which Judge Brown referred to this Court for a Report and Recommendation. *See* Electronic Order dated May 21, 2024. Plaintiff subsequently filed a Motion to Withdraw his Motion to Vacate. *See* DE [61]. Therefore, the Court respectfully recommends that Plaintiff's Motion to

6

Withdraw his Motion to Vacate, DE [61], be granted, and that his Motion to Vacate, DE [25], be denied as moot.

### IV. Conclusion

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's Motion for a TRO, DE [70], be denied. The Court further recommends that Plaintiff's Motion to Vacate pursuant to Fed. R. Civ. P. 60, DE [25], be denied as moot, and that his Motion to Withdraw the Motion to Vacate, DE [61], be granted.

### V. Objections

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below. Defendants are directed to serve a copy of this Report and Recommendation on Plaintiff and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           October 16, 2024

                                                        <u>s/ Steven I. Locke</u>
                                                        STEVEN I. LOCKE
                                                        United States Magistrate Judge