UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GARRETT B. TUPPER JR.,

                          Plaintiff,

    - against -

THE STATE OF NEW YORK, JUDGE DAVID
P. SULLIVAN, MAUREEN O'CONNELL,
ARTHUR NASTRE, RONALD D. WEISS P.C.,
FRIEDMAN VARTOLO, LLP, KNUCLKES
KOMOSINSKI AND MANFRO LLP, RICHARD
R. KOMOSINSKI, MICHAEL W.
NARDOLILLO, JULIANA THIBAUT,
ZACHARY ROBIN GOLD, and SEAN
MONAHAN,

                         Defendants.
------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24-CV-2582(GRB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this action seeking relief from a judgment of foreclosure and sale entered in New York State Court, on referral from the Honorable Gary R. Brown for Report and Recommendation, is Defendants' The State of New York ("New York"), Judge David P. Sullivan ("Judge Sullivan"), Maureen O'Connell ("O'Connell"), Arthur Nastre ("Nastre"), Ronald D. Weiss P.C. ("Weiss P.C."), Friedman Vartolo, LLP ("Friedman Vartolo"), Knuckles Komosinski and Manfro LLP ("Knuckles Komosinski"), Richard F. Komosinski ("Komosinski"), Michael W. Nardolillo ("Nardolillo"), Juliana Thibaut ("Thibaut"), Zachary Robin Gold ("Gold"), and Sean Monahan ("Monahan" and, collectively, "Defendants") motion to dismiss *pro se* Plaintiff Garrett B. Tupper's ("Plaintiff" or "Tupper") Complaint ("Compl."), DE [1], pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.

1

R. Civ. P."). DE [91]. Plaintiff has also filed a motion to compel, DE [102], a motion for declaratory judgment, DE [108], and a motion for leave to file an amended complaint, DE [96], the latter two of which effectively seek the same relief sought in his Complaint – namely, that the Court declare that Plaintiff rescinded the mortgage at issue in this action and that it is deemed canceled. For the reasons set forth herein, the Court respectfully recommends that Defendants' motion to dismiss be granted in its entirety and that Plaintiff's motions to compel, for a declaratory judgment, and for leave to file an amended complaint be denied.

## I.    BACKGROUND

### A.    <u>Relevant Facts</u>[1]

#### 1.    <u>Parties</u>

This action arises out of the successful effort of non-party MTGLQ Investors, Inc. ("MTGLQ"), decided in New York State Court, to foreclose upon the property located at 537 Liberty Ave., Williston Park, NY 11596 (the "Property"). Plaintiff is a resident of Nassau County, New York. Compl. ¶ 81. He is a signatory to a mortgage (the "Mortgage"), DE [1-5] at Ex. C, securing a note (the "Note"), signed by his wife, related to the Property. *Id.* at Ex. B.

Knuckles Komosinski is a law firm in Westchester County, New York that is in the practice of debt collection. *Id.* at ¶ 81(i). Tupper alleges that Knuckles Komosinski, as well as individual Defendant Komosinski, commenced foreclosure

---

[1] The facts drawn from the Complaint are accepted as true for purposes of this motion. *See Loeb v. Cnty. of Suffolk*, No. 22-CV-6410(HG), 2023 WL 4163117, at *2 (E.D.N.Y. June 23, 2023) ("In resolving a motion to dismiss, 'consideration is limited to the factual allegations in plaintiffs' . . . complaint, which are accepted as true.'") (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

proceedings related to the Property.  *Id.* at ¶¶ 30, 81(h).  He further alleges that Friedman Vartolo is a law firm in New York County, New York that is "in the business of conducting judicial foreclosures," *id.* at ¶ 81(f), and that Nardolillo, Thibaut, Gold, and Monahan are "believed to be" its agents.  *Id.* at ¶¶ 81(i)-(l). Weiss, P.C. is a law firm in Suffolk County, New York that is "in the business of foreclosure defense and bankruptcy . . . ."  *Id.* at ¶ 81(e).  Tupper alleges that O'Connell is the Nassau County Clerk and that she failed to record a "Notice of Cancellation" of the Mortgage.  *Id.* at ¶ 81(c).  He further alleges that Nastre is the attorney for Nassau County, *id.* at ¶ 81(d), and that Judge Sullivan ordered the judgment of foreclosure and sale described herein.  *Id.* at ¶ 109.

### 2.    Underlying Agreement and State Court Proceedings

On October 18, 2017, MTGLQ commenced an action in the Supreme Court of the State of New York, Nassau County, bearing the caption *MTGLQ Investors, L.P. v. Aileen Tupper, Garrett Tupper, and John Doe #1 through John Doe #10*, No. 614054/2018, seeking to foreclose upon the Property (the "Foreclosure Action").  *See* Declaration of Zachary Gold in Support of Motion to Dismiss ("Gold Decl."), DE [92-3], Ex. 1.

On September 24, 2019, the Supreme Court, Nassau County granted MTGLQ's motion for summary judgment in the Foreclosure Action and ordered the entry of a Judgment of Foreclosure and Sale (the "Foreclosure Judgment").  *Id.* at Ex. 3.  On June 12, 2024, the Supreme Court of the State of New York, Appellate Division, Second Department, affirmed the Foreclosure Judgment.  *Id.* at Ex. 4.

In this action, Tupper seeks to collaterally attack the Foreclosure Judgment, alleging that "[t]he contract in this case is forged and missing at least 6 provisions that are listed in the original contract." Compl. ¶ 24. He further alleges that "[t]he foreclosure statute used to provide the [state] court with jurisdiction is not a valid law as it is missing the 3 elements the State Constitution mandates must be present . . . ." *Id.* at ¶ 25. Each of Tupper's claims regarding the foreclosure of the Property was addressed by the state court or encompassed by the Foreclosure Judgment. DE [91-8]. By way of example, Tupper asserts that the original contract "with the signatures of both the alleged borrower and the lender have never been filed in court to verify there was a bilateral contract." Compl. ¶ 27. Tupper takes the position that this precludes finding that there was a valid debt. *Id.* at ¶ 28. He further claims that there "is no bona fide signature on the alleged promissory note," *id.* at ¶ 11, that "[t]he promissory note is a forgery," *id.* at ¶ 12, and that "[t]he defendant wrongfully foreclosed on [him]. . . ." *Id.* at ¶ 33. Tupper does not allege that Defendants in this action acted unlawfully in any way following the Foreclosure Action or upon entry of the Foreclosure Judgment.

### B.    Procedural Background

By way of a Complaint dated April 5, 2024, Plaintiff commenced this action against all Defendants, asserting causes of action for: (1) wrongful foreclosure; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (3) violation of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (4) breach of contract; (5) slander of title; (6) slander of credit; (6) intentional infliction of

4

emotional distress; and (7) "improper service." DE [1]. These are the same claims Tupper asserted in the Foreclosure Action. *See* DE [91-8].

On June 3, 2025, Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). DE [91]. In conjunction with their motion, Defendants filed a Notice to Pro Se Litigants Who Opposes a Rile 12 Motion Supported by Matters Outside the Pleadings as required by Local Rule 12.1. DE [91-1]. Defendants assert that, pursuant to Fed. R. Civ. P. 12(b)(1), this Court lacks subject matter jurisdiction pursuant to: (1) the *Rooker-Feldman* doctrine; (2) the *Colorado River* doctrine; and (3) *Younger* abstention. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss ("Defs.' Mem."), DE [91-11], at 7-13; Defendants' Reply Memorandum of Law in Support of Motion to Dismiss ("Defs.' Reply Mem."), DE [91-14] at 3-5. Defendants further argue that the Complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defs.' Mem at 13-17; Defs.' Reply Mem. at 5-7. Tupper opposes Defendants' motion on both bases. *See generally* Plaintif's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n"), DE [94].

Plaintiff also seeks leave to file a "supplemental pleading" pursuant to Fed. R. Civ. P. 15, naming MTGLQ, JP Morgan Chase Bank, N.A. ("JP Morgan"), Shellpoint Mortgage Servicing ("Shellpoint"), SN Servicing Corporation ("SN Servicing"), and U.S. Bank Trust National Association as Trustee for Dwelling Series IV Trust ("U.S. Bank" and, collectively, the "Additional Defendants") as additional defendants. DE

[96]. Finally, Tupper filed a motion to compel and a motion for declaratory judgment – both of which effectively seek the same relief sought in the Complaint – in which he asserts that he validly rescinded his Mortgage and should be relieved of any obligations with respect to the Property. DE [102], [108].

For the reasons set forth herein, the Court respectfully recommends that Defendants' motion to dismiss be granted and that Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Accordingly, the Court declines to address Defendants' other arguments, including whether Plaintiff otherwise states a claim for relief. The Court further recommends that Plaintiff's various other motions be denied.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(1), a complaint must be dismissed where the district court lacks subject matter jurisdiction. *See Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) ("A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint.") (internal quotation marks omitted). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing such a motion, the Court accepts "as true all material factual allegations of the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." *Molinari v. Equifax Inc.*, No. 18-CV-3282(ILG)(RLM), 2022 WL 318001, at *2 (E.D.N.Y. Feb. 2, 2022) (quoting *Sonterra*

6

*Cap. Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 533 (2d Cir. 2020)) (internal quotations marks omitted).

When evaluating a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "the court 'may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits.'" *Razi Sch. v. Cissna*, 519 F. Supp. 3d 144, 148 (E.D.N.Y. 2021) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)); *see Prime Contractors, Inc. v. APS Contractors Inc.*, 754 F. Supp. 3d 289, 298 (E.D.N.Y. 2024) ("[T]the Court may rely upon materials outside of the pleadings."). The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 110.

## III.   DISCUSSION

### A.   <u>Dismissal for Lack of Jurisdiction is Appropriate</u>

Defendants move to dismiss Tupper's Complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, among other arguments, Defs.' Mem. at 7-13, which falls within the purview of Fed. R. Civ. P. 12(b)(1)'s subject matter jurisdiction requirement. *See Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018) ("An argument that the court does not have subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine is properly considered under Rule 12(b)(1)."); *Chery v. Nationstar Mortg. LLC*, 18 Civ. 1240(PAC), 2018 WL 3708664, at *4 (S.D.N.Y. Aug. 2, 2018) ("Because *Rooker-Feldman* applies, Plaintiff's claims must be dismissed under Rule 12(b)(1) for lack of

subject-matter jurisdiction."). Pursuant to the *Rooker-Feldman* doctrine, all federal courts other than the Supreme Court should not sit in direct review of state court decisions unless Congress has specifically authorized such relief. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 481-82, 103 S. Ct. 1303, 1314-15 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415, 44 S. Ct. 140, 150 (1923); *see* 28 U.S.C. § 1257 (vesting authority in the Supreme Court alone to review final judgments rendered by the highest courts of the states).

The four factors courts in the Second Circuit consider when evaluating the *Rooker-Feldman* doctrine are whether the plaintiff: (1) lost in state court; (2) alleges, in the district court, injuries caused by the state-court judgment; (3) invites the district court to review and reject the state-court judgment; and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)) (internal alterations omitted). Importantly, the Second Circuit has reaffirmed that the doctrine establishes "the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018); *Harper v. Bank of New York*, No. 25-CV-1573(NJC), 2026 WL 1174506, at *9 (E.D.N.Y. Apr. 30, 2026) ("The *Rooker-Feldman* doctrine bars federal courts from exercising 'jurisdiction over cases that essentially amount to appeals of state court judgments.'") (quoting *Vossbrinck*, 773 F.3d at 426). Relevant here, federal courts should not revisit the decisions of state courts in

8

foreclosure actions. *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 288-89 (E.D.N.Y. 2024) ("Faced with similar claims, 'courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine.") (quoting *Davis v. JP Morgan Chase Bank*, No. 14-CV-6263(KMK), 2016 WL 1267800, at *6 (S.D.N.Y. Mar. 30, 2016)). Moreover, a plaintiff cannot avoid the *Rooker-Feldman* doctrine simply by relying on a legal theory not relied upon in state court. *Hoblock*, 422 F.3d at 87. Instead, the key inquiry is whether the complaint alleges an injury caused by a state-court judgment. *See, e.g.*, *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 162 (E.D.N.Y. 2010) (dismissing claims due to lack of subject matter jurisdiction where the plaintiff sought to relitigate adverse state-court judgment); *Dorce v. City of New York*, 460 F. Supp. 3d 327, 340 (E.D.N.Y. 2020) (applying four-part *Hoblock* test).

Consistent with these standards, courts routinely reject FDCPA claims attacking state court judgments of foreclosure. *See Harper*, 2026 WL 1174506, at *11 (holding that the plaintiff's FDCPA claim was barred by the *Rooker-Feldman* doctrine where the plaintiff alleged that the defendants attempted to collect a debt they had "no authority to collect" and never had "lawful authority [or] possession of [plaintiff's] [n]ote"); *Craig v. Saxon Mortg. Servs., Inc.*, 13-CV-4526(SJF)(GRB), 2015 WL 171234 at *6 (E.D.N.Y. Jan. 13, 2015) ("These Notices arise from the state court Judgment of Foreclosure and Sale, and the state court's acceptance of the validity of the mortgage documents that formed the basis for that judgment.") (internal quotation omitted); *Quiroz v. U.S. Bank Nat'l Ass'n*, No. 10-CV-2485(KAM)(JMA), 2011 WL

9

2471733, at *6 (E.D.N.Y. May 16, 2011) ("[A]ny FDCPA claim based on the falsity of the debt is barred by *Rooker-Feldman* because it would be [the state court's order of foreclosure and sale] which held [the creditor] had a valid right to collect the debt."). Plaintiff offers no allegations suggesting that Defendants engaged in conduct outside the purview of the Foreclosure Judgment.  His FDCPA claim is therefore barred by the *Rooker-Feldman* doctrine.

The same is true for TILA claims attacking state court foreclosure judgments. *Noriega v. US Bank, Nat'l Ass'n*, No. 16-CV-1058(JS)(ARL), 2017 WL 3172998, at *4 (E.D.N.Y. July 25, 2017) ("To the extent [p]laintiff seeks 'rescission' of the [m]ortgage as relief for his TILA claim, that relief is barred by *Rooker-Feldman* as it necessitates a review and rejection of the [f]oreclosure [j]udgment.") (alterations in original); *Garcia v. Lasalle Bank NA.*, No. 16 Civ. 3485(PAE), 2017 WL 253070, at *5 (S.D.N.Y. Jan. 19, 2017) (holding that a claim for "declaratory judgment that [plaintiffs] retain a right to rescind their loan under TILA" was barred by the *Rooker-Feldman* doctrine because "allowing rescission would be tantamount to finding that no valid mortgage existed and thus no basis for foreclosure").

Moreover, the fact that the parties and causes of action in either this action or the proposed amended Complaint are not identical to the state court Foreclosure Action is inconsequential.  *See Hoblock*, 422 F.3d at 87 (specifying that the identity of claims is not dispositive in evaluating subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine).  Rather, the *Rooker-Feldman* doctrine applies where a federal court plaintiff effectively seeks relief from a prior state court judgment.  *Id.*

10

To this end, courts routinely apply the *Rooker-Feldman* doctrine even where plaintiffs assert new causes of action, including under the FDCPA, because the complained-of injury flows from the foreclosure of judgment itself.  *See, e.g., Done v. Wells Fargo, N.A.*, No. 12-CV-4296(JFB)(ETB), 2013 WL 3785627, at *6 (E.D.N.Y. July 18, 2013) ("Given the factual allegations and relief sought here, which are inextricably intertwined with the state court judgment and would require overturning the state court judgment, this Court concludes that the substantive requirements of the *Rooker-Feldman* doctrine are met.").  Likewise, the *Rooker-Feldman* doctrine applies where the parties are not identical.  *See Done*, 2013 WL 3785627, at *6 (holding that the *Rooker-Feldman* doctrine applied to defendants who were not named in the underlying state action); *Swiatkowski v. Citibank*, 446 F. App'x 360, 361 (2d Cir. 2011) (affirming dismissal based upon *Rooker-Feldman* doctrine).

In moving to dismiss for lack of subject matter jurisdiction, Defendants have offered evidence that:  (1) Tupper lost in the Foreclosure Action; (2) he effectively seeks reconsideration of the Foreclosure Judgment; and (3) the instant action was commenced after the decision in the Foreclosure Action and entry of the Foreclosure Judgment.  Plaintiff has not plausibly disputed these facts and they establish that the *Rooker-Feldman* doctrine warrants dismissal of this action in federal court.  *See Hourani v. Wells Fargo Bank, N.A.,* 158 F. Supp. 3d 142, 146 (E.D.N.Y. 2016) ("[T]he *Rooker-Feldman* doctrine deprives this Court of jurisdiction to hear [the plaintiff's] claims against Wells Fargo to the extent that his claims request that this Court vacate the Foreclosure Judgment."); *Webster v. Wells Fargo Bank, N.A.*, No. 08 Civ.

11

10145(LAP), 2009 WL 5178654, at *8 (S.D.N.Y. Dec. 23, 2009) (holding that the Court "plainly lack[ed] subject matter jurisdiction" over the plaintiff's claims "attacking the validity of the foreclosure proceedings and the validity of the underlying mortgage loan documents" pursuant to the *Rooker-Feldman* doctrine because "the injury complained of is the judgment permitting foreclosure, which implicitly held that the mortgages were valid").

In opposition to Defendants' jurisdictional arguments, Tupper relies upon *Cestaro v. Osorio,* 21 Misc. 3d 1144(A) (Sup.Ct. Bronx Cnty. 2008), in support of his assertion that "because the state court lacked subject matter jurisdiction," and, therefore, "the "foreclosure judgment [is] void." *See* Pl.'s Opp'n at ¶ 27. *Cestaro* is a state court case that has no bearing on this Court's application of the *Rooker-Feldman* doctrine. Ultimately, Plaintiff turns to this Court to dispute a state court outcome that he deems unfavorable. This is impermissible, as this Court lacks subject matter jurisdiction to render such a decision pursuant to the *Rooker-Feldman* doctrine. Accordingly, the Court respectfully recommends that Defendants' motion to dismiss Plaintiff's Complaint, DE [91], be granted.

### B.      Motion to Amend

Tupper seeks to amend his Complaint to add additional defendants MTGLQ, JP Morgan, Shellpoint, SN Servicing, and U.S. Bank, as well as facts concerning the existing individual Defendants. DE [96]. Pursuant to Fed. R. Civ. P. 15(a), courts have discretion to allow parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d

12

Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires."); *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave when justice so requires, and such leave is in the court's discretion.") (internal quotation omitted). The amendment standard is liberal so as to permit plaintiffs "to assert matters that were overlooked or were unknown at the time of the original complaint or answer." *RCX I, LLC v. Pitter-Nelson*, No. 11 Civ. 3513(CM), 2014 WL 5809514, at \*5 (S.D.N.Y. Nov. 6, 2014) (internal quotation marks, citation and alterations omitted); *see Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("[Fed. R. Civ. P.] 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). Leave to amend should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). A party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park-Bellerose Union Sch. Dist.*, No. 12-CV-5682(JS)(AKT), 2015 WL 1476422, at \*9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings-Fowler v. Suffolk Cnty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

"The futility of an amendment is determined by whether it could survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) . . . ." *E&E*

13

*Co. v. London Luxury LLC*, 571 F. Supp. 3d 64, 67 (S.D.N.Y. 2021) (quoting *R & M Jewelry, LLC v. Michael Anthony Jewelers, Inc.*, 221 F.R.D. 398, 399 (S.D.N.Y. 2004)). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)).

Applying these standards, the motion for leave to amend should be denied as facially deficient.  In Tupper's Proposed Amended Complaint ("PAC"), DE [96], he seeks to name as new Defendants JP Morgan, MTGLQ, Shellpoint, SN Servicing, and U.S. Bank.  *Id.*  The claims in the PAC, however, mirror those set forth in the original Complaint.  For the reasons stated above, these causes of action are barred under the *Rooker-Feldman* doctrine, and the motion to amend should be denied.  Accordingly, Plaintiff's proposed amendments are futile and the Court recommends that the motion for leave to amend, DE ]96], be denied.

### C.   <u>Motions to Compel and for Declaratory Judgment</u>[2]

Finally, Tupper filed a motion to compel, DE [102], and a motion for a declaratory judgment, DE [108], in both of which he seeks a determination by this Court that:  (1) he rescinded the Mortgage at issue in the Foreclosure Action, (2) the Mortgage must be deemed rescinded pursuant to 15 U.S.C. § 1635(b), and (3) the

---

[2] Although filed as a motion to compel, DE [102] seeks the same relief as Tupper's motion for declaratory judgment filed at DE [108], both of which are based upon a stipulation filed in state court in which the parties agreed that the foreclosure sale of the Property was canceled in light MTGLQ's "receipt of the full reinstatement amount of Defendants' loan . . . ."  *Id.*  This stipulation has no bearing on this Court's lack of subject matter jurisdiction and does not provide a basis for disrupting the Foreclosure Judgment.

Mortgage be deemed cancelled pursuant to 28 U.S.C. §§ 2201-02. DE [102], [108]. These motions, like Tupper's original claims, attempt to collaterally attack the state court's Foreclosure Judgment, which this Court lacks jurisdiction to address. Accordingly, the Court respectfully recommends that both motions be denied.

## IV.    CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Defendants' motion to dismiss. DE [91], be granted pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The Court further recommends that Plaintiff's motion to amend, DE [96], motion to compel, DE [102], and motion for declaratory judgment, DE [108], be denied.

## V.    OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants via electronic filing on the date below. Defendants are instructed to serve a copy of the Report and Recommendation on Plaintiff and file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
          July 7, 2026             /s/ Steven I. Locke
                                       STEVEN I. LOCKE
                                       United States Magistrate Judge