**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

GARRETT B. TUPPER JR,

        Plaintiff,

    vs.

THE STATE OF NEW YORK; DAVID P
SULLIVAN; MAUREEN O'CONNELL; ARTHUR
NASTRE; RONALD D. WEISS P.C.; FRIEDMAN
VARTOLO, LLP; KNUCKLES KOMOSINSKI
AND MANFRO, LLP; RICHARD F.
KOMOSINSKI; MICHAEL W. NARDOLILLO;
JULIANA THIBAUT; ZACHARY ROBIN GOLD;
SEAN MONAHAN

        Defendants.

Case No. 24-CV-2582-GRB-SIL

---

**DEFENDANTS' JOINT MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE STEVEN I. LOCKE'S REPORT AND RECOMMENDATION**

---

**NYS OFFICE OF THE ATTORNEY GENERAL**
Beth Kaufman, Esq.
200 Old Country Road, Suite 240
Mineola, New York 11501
516-248-3331
Email: beth.kaufman@ag.ny.gov
*Attorneys for Defendants the State of New York and David P. Sullivan*

**OFFICE OF THE COUNTY ATTORNEY**
Matthew Rozea, Esq.
1 West Street
Mineola, New York 11501
516-571-0709
Email: mrozea@nassaucountyny.gov
*Attorneys for Defendants Maureen O'Connell and Arthur Nastre*

**WILSON ELSER MOSKOWITZ, EDELMAN & DICKER**

Joseph Francoeur, Esq. and Evgenia Soldatos-Mouzouris, Esq.

150 E 42nd Street, 21st Floor

New York, New York 10017

516-519-2297

Email: joseph.francoeur@wilsonelser.com and eve.soldatos@wilsonelser.com

*Attorneys for Defendant Ronald D. Weiss P.C.*

**FRIEDMAN VARTOLO LLP**

Zachary Gold, Esq.

85 Broad Street, Suite 501

New York, New York 10004

212-471-5187

Email: zgold@friedmanvartolo.com

*Attorneys for Defendants Juliana Thibaut, Zachary Robin Gold, Sean Monahan, Michael W. Nardolillo and Friedman Vartolo LLP*

**KNUCKLES KOMOSINSKI & MANFRO, LLP**

John Brigandi, Esq.

600 East Crescent Avenue

Suite 201

Upper Saddle River, NJ 07458

201-391-0370

Email: jeb@kkelaw.com

*Attorneys for Defendants Richard F. Komosinski and Knuckles Komosinski & Manfro, LLP*

**PRELIMINARY STATEMENT**

Plaintiff's Objections to the Report and Recommendation ("R&R") hinge on a post-briefing development that Plaintiff fundamentally mischaracterizes. After Defendants' motion to dismiss was fully briefed, Plaintiff paid the full reinstatement amount owed on the debt and entered into a negotiated settlement that resulted in cancellation of the foreclosure sale, vacatur of the Judgment of Foreclosure and Sale, and discontinuance of the Foreclosure Action. That settlement-based vacatur was not a merits determination. More importantly, Plaintiff cannot selectively invoke the vacatur while ignoring the agreement through which he obtained it. The same so-ordered Stipulation contains a broad release of all claims arising from or relating to the foreclosure dispute, and Plaintiff accepted and continues to retain the benefits conferred by that agreement. Having performed under and accepted the benefits of the settlement, Plaintiff cannot now repudiate its release while relying on the resulting vacatur as a basis to continue this litigation. Far from reviving this action, the post-briefing settlement supplies an additional and independent basis for dismissal.

Nor does the subsequent procedural history improve Plaintiff's position. To the contrary, it supplies still further grounds for dismissal. Plaintiff has continued litigating the same mortgage-related controversy in multiple state-court actions, resulting in additional adverse judgments against Plaintiff. Most directly, in Index No. 621747/2025, Plaintiff advanced the same essential position he presses here: that the June 2025 settlement and substantial payments did not constitute a valid reinstatement or acknowledgment of the mortgage debt and that the Mortgage should therefore be canceled. Justice Heitner rejected that position, finding that Plaintiff's payments were made "to reinstate the mortgage loan," that the settlement and substantial payment acknowledged the debt, and that the comprehensive release independently barred his claims. The court dismissed the action with prejudice. Separate and undisturbed state-court judgments likewise preclude claims

and issues Plaintiff continues to pursue here. Plaintiff cannot avoid those determinations merely by recasting the same dispute in federal court.

Against that backdrop, the R&R's recommended disposition remains correct. Rooker-Feldman continues to bar the operative Complaint, which was filed while the adverse foreclosure determinations remained in effect and has never been superseded by an authorized post-vacatur pleading. In any event, the Stipulation bars the released claims; separate and undisturbed state-court judgments preclude the claims and issues Plaintiff continues to pursue; and the Rule 12(b)(6) and immunity grounds previously briefed by Defendants remain dispositive. Plaintiff's proposed amendment and post-briefing motions cure none of those defects. Thus, whether the Court adopts the R&R's Rooker-Feldman analysis or reaches the same result on the alternative grounds discussed below, Plaintiff's Objections provide no basis to alter the R&R's ultimate disposition that the Complaint should be dismissed and Plaintiff's pending motions denied.

## LEGAL STANDARD

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes timely and specific objections to a magistrate judge's findings or recommendations concerning a dispositive motion, the district court must review the challenged portions de novo. *See* Fed. R. Civ. P. 72(b)(3); *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358–61 (2d Cir. 2025). Portions to which no proper objection is made may be reviewed for clear error. *Id.* at 359–60.

In conducting its de novo review, the district court is not bound by the magistrate judge's reasoning and may substitute its own determination for that of the magistrate judge. *See Cespedes v. Coughlin*, 956 F. Supp. 454, 463 (S.D.N.Y. 1997). The district court may also "receive further evidence." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

**I.  ROOKER-FELDMAN BARS THE OPERATIVE COMPLAINT DESPITE THE SUBSEQUENT SETTLEMENT, DISCONTINUANCE OF THE FORECLOSURE ACTION, AND VACATUR OF THE JUDGMENT OF FORECLOSURE AND SALE.**

Plaintiff's principal objection rests on the mistaken premise that the parties' subsequent settlement of the Foreclosure Action somehow erased the jurisdictional defect that existed when this action was filed. It did not.

Subject-matter jurisdiction ordinarily "depends on the facts as they stood when the complaint was filed." *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 163 (2d Cir. 2001) (citation omitted). Here, Plaintiff commenced this action after the state court had granted summary judgment against him, denied his motion to renew and reargue, and entered the Judgment of Foreclosure and Sale. *See* Gold Decl. ¶¶ 5–7, Exs. 3–5. He has never filed an authorized post-vacatur amended complaint, and the original Complaint therefore remains operative.

At commencement, all four Rooker-Feldman requirements were satisfied. Plaintiff had lost in the Foreclosure Action, the Judgment of Foreclosure and Sale had been entered, and the Complaint sought federal relief from injuries arising from that judgment while inviting this Court to reject the state court's determinations concerning the validity and enforceability of the Mortgage. *See* R&R at 4, 8–12. The R&R appropriately recognized that this action was a collateral attack seeking federal reconsideration of the orders and judgment in the Foreclosure Action.

The subsequent settlement did not alter the operative Complaint or constitute a merits reversal of those rulings. The Judgment was vacated because the parties settled after receipt of the full reinstatement amount, not because the state court determined that Plaintiff's rescission theory was valid, the Mortgage was void, or MTGLQ lacked standing (*see* Stipulation, DE [96] at 23–26). Indeed, Plaintiff continues through DE [102] and DE [108] to seek precisely the relief that

gave rise to the jurisdictional bar in the first place: a determination that he somehow rescinded the Mortgage and that the Mortgage is void. *See* DE [102] at 1–2; DE [108] at 1–2; R&R at 14–15.

Plaintiff's assertion that the R&R ignored the subsequent settlement is also incorrect. The R&R expressly referenced the Stipulation, cancellation of the foreclosure sale, and MTGLQ's receipt of the "full reinstatement amount." R&R at 14 n.2. To the extent Plaintiff contends that the R&R did not fully account for the legal effect of the resulting vacatur and dismissal, that provides no basis to reject its recommended disposition. On de novo review, this Court may consider the complete record and modify the R&R's reasoning while reaching the same result. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff cannot use a settlement-induced vacatur to retroactively recast the federal action he actually commenced. The operative Complaint remains the same collateral attack filed after entry of the Foreclosure Judgment, and Rooker-Feldman continues to bar it.

In any event, as discussed below, the subsequent Stipulation and settlement do not assist Plaintiff because his claims remain subject to independent release and preclusion bars.

## II.    THE STIPULATION PLAINTIFF RELIES UPON PROVIDES AN INDEPENDENT BASIS FOR DISMISSAL.

Even accepting Plaintiff's premise that the subsequent settlement-based vacatur should be considered in reviewing the R&R, it does not assist him. The same so-ordered Stipulation Plaintiff invokes to try and avoid Rooker-Feldman comprehensively resolved the Foreclosure Action, acknowledged receipt of the full reinstatement amount, and broadly released claims arising from or relating to the matters alleged in that action. *See* Stipulation, DE [96] at 23–26.

Stipulations of settlement are favored and "not lightly cast aside," and, once validly entered, are construed as binding contracts according to ordinary principles of contract

interpretation. *Hallock v. State of New York*, 64 N.Y.2d 224, 230 (1984); *McCoy v. Feinman*, 99 N.Y.2d 295, 302 (2002).

The Stipulation was not merely a procedural agreement to end the Foreclosure Action. Plaintiff, represented by counsel, entered into a Stipulation expressly acknowledging MTGLQ's receipt of the "full reinstatement amount," agreed to cancellation of the scheduled foreclosure sale, and executed a broad release in favor of SN Servicing Corp., Friedman Vartolo LLP, and the other identified releasees, including their affiliated entities, attorneys, agents, successors, and assigns. Critically, the release extends to "any claim of any kind or manner" arising out of or relating to the matters alleged in the action and expressly provides that it may be asserted against such claims in "any court anywhere." *See* Stipulation, DE [96] at 23–26. Plaintiff cannot invoke the Stipulation to obtain the benefit of the resulting vacatur while disregarding the release contained in the very same agreement.

Nor did the subsequent vacatur and dismissal somehow render the Stipulation "non-operative," as Plaintiff now contends. *See* Pl.'s Objs., DE [111] at 3. Those orders did not supersede the parties' agreement; they effectuated it. Cancellation of the sale, vacatur of the Judgment of Foreclosure and Sale, and discontinuance of the Foreclosure Action were benefits Plaintiff obtained through the settlement and continues to retain. He cannot rely upon the settlement's performance to obtain the benefit of vacatur while repudiating the agreement that produced it. *See Nat'l Am. Corp. v. Fed. Republic of Nigeria*, 448 F. Supp. 622, 646 (S.D.N.Y. 1978); *Hewett v. Leblang*, No. 12 Civ. 1713, 2012 WL 2820274, at *7 (S.D.N.Y. July 5, 2012). Indeed, "[w]hen a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect." *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994).

The release therefore independently bars the claims within its scope. Under New York law, a valid release constitutes a complete bar to claims covered by its terms. *See Wade Park Land Holdings, LLC v. Kalikow*, 589 F. Supp. 3d 335, 362–64 (S.D.N.Y. 2022); *U.S. Bank Nat'l Ass'n v. BFPRU I, LLC*, 230 F. Supp. 3d 253, 267 (S.D.N.Y. 2017). Plaintiff's federal claims plainly are not a new or unrelated controversy. They arise from the same Mortgage, alleged rescission, standing challenge, servicing conduct, and foreclosure-related acts underlying the settled dispute. The express language of the release reaches those claims.

Accordingly, the very Stipulation Plaintiff invokes as a basis to continue this action independently bars the released claims.

## III. SEPARATE AND UNDISTURBED STATE-COURT JUDGMENTS INDEPENDENTLY BAR PLAINTIFF'S CLAIMS.

Even apart from Rooker-Feldman and the Stipulation, Plaintiff's claims are independently barred by separate New York judgments resolving the same claims and issues he continues to pursue here. Under 28 U.S.C. § 1738, this Court must give those judgments the same preclusive effect they would receive in New York. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Nor does it matter that certain judgments were entered after this federal action commenced. The Second Circuit has held that a New York judgment entered while a federal action remains pending may preclude the federal claims where the state judgment precedes final judgment in the federal action. *See e.g., Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machs. Corp.*, 110 F.4th 106, 115–19 (2d Cir. 2024).

Preclusion is not a new ground for dismissal. Defendants' opening memorandum and reply expressly relied on Plaintiff's substantially identical state-court action, Index No. 605330/2024, which Plaintiff commenced before this federal action, and which was dismissed with prejudice

while this case remained pending. *See* Defs.' Mem., DE [91-11] at 7–8; Defs.' Reply, DE [93] at 5–6; Gold Decl. Exs. 6–7.

Since that briefing concluded, Plaintiff has continued litigating the same mortgage-related controversy in state court, resulting in additional pleadings and judgments that were not part of the record submitted on Defendants' original motion. Those materials are submitted with the Supplemental Declaration of Zachary Robin Gold. *See* Supp. Gold Decl. Exs. 1–7. Defendants respectfully request that the Court take judicial notice of the existence and contents of those state-court records. *See Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 167 (2d Cir. 2012); *Tobin v. Gluck*, 11 F. Supp. 3d 280, 297–98 (E.D.N.Y. 2014).

The dismissal of Index No. 605330/2024 independently supports claim preclusion. As Defendants demonstrated in their original motion, Plaintiff asserted substantially the same claims against the same parties or their privies concerning the same Mortgage, alleged TILA rescission, standing, and foreclosure-related conduct. Justice Rademaker expressly characterized that action as a "collateral proceeding challenging prior orders of the Court" arising from the foreclosure and dismissed the Complaint against all captioned defendants with prejudice. *See* Gold Decl. Exs. 6–7. Under New York law, a dismissal with prejudice constitutes a final judgment on the merits, and New York's transactional approach bars later claims arising from the same transaction or series of transactions even where a plaintiff advances different legal theories or seeks different relief. *See Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp.*, 93 N.Y.2d 375, 380 (1999); *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981). Nothing in the subsequent settlement of the separate Foreclosure Action vacated or otherwise disturbed that dismissal.

Justice Sher subsequently reached the same result in Index No. 000769/2024. Plaintiff's Amended Complaint again challenged the same Mortgage and foreclosure proceedings, including

the alleged TILA rescission and standing theories. *See* Supp. Gold Decl. Ex. 1. Justice Sher held that the Amended Complaint was barred by res judicata and collateral estoppel because it repeated claims and defenses already litigated in the Foreclosure Action and prior related litigation. The court further held that Plaintiff could not avoid preclusion by adding MTGLQ, its predecessors or successors in interest, its loan servicer, or its attorneys, because the doctrine turns on privity rather than the precise configuration of the parties. *See* Supp. Gold Decl. Ex. 2 at 7–8. The action was dismissed with prejudice. *Id.* at 8. That judgment remains undisturbed, and Plaintiff cannot evade its preclusive effect by repackaging the same controversy against related parties in privity. *See Borrani v. Nationstar Mortg. LLC*, 820 F. App'x 20, 22–23 (2d Cir. 2020); *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 422–23 (S.D.N.Y. 2008).

Plaintiff continued the same course in Index No. 604101/2025, again asserting wrongful foreclosure, lack of standing, FDCPA claims, and the same alleged TILA rescission, and expressly seeking to "enforc[e]" that rescission and declare Defendants' actions null and void. That action likewise resulted in dismissal of the claims against the answering defendants. *See* Supp. Gold Decl. Exs. 3–4.

The Heitner judgment is more direct still because it was entered after the settlement and vacatur and resolves the very premise of Plaintiff's present Objections. In Index No. 621747/2025, Plaintiff alleged that the June 2025 settlement and payments did not constitute a valid reinstatement or acknowledgment of the mortgage debt and sought cancellation of the Mortgage. *See* Supp. Gold Decl. Ex. 5 at 4–6. Justice Heitner expressly rejected that position. The court found that Plaintiff, while represented by counsel and present in court, made payments of $323,089.14 and $2,480.50 "to reinstate the mortgage loan." *See* Supp. Gold Decl. Ex. 6 at 3. It further held that the 2017 Modification constituted an affirmative act of de-acceleration that reinstated the

installment nature of the loan, that the 2025 Stipulation and substantial payment acknowledged the debt and reset the limitations period, and that the comprehensive release independently barred the action. *Id.* at 3–4. The court concluded that the Stipulation "resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claims," and dismissed the Complaint with prejudice. *Id.* at 4. Those determinations directly contradict Plaintiff's present assertions that there was "[n]o de-acceleration," "[n]o reinstatement," "[n]o acknowledgment of debt," and "[n]o reset of the statute of limitations." *See* Pl.'s Objs., DE [111] at 3. Plaintiff cannot obtain from this Court the contrary determination he failed to obtain in state court.

Nor does Plaintiff avoid the preclusive effect of the Heitner judgment merely because he has appealed it. *See* Supp. Gold Decl. Ex. 7. Under New York law, "the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." *DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003) (citation omitted); *see also Beijing Neu Cloud*, 110 F.4th at 115. Plaintiff's appeal from the Heitner order has been docketed in the Appellate Division, Second Department as Case No. 2026-02303.

Accordingly, even if Plaintiff could avoid Rooker-Feldman and the express release contained in the Stipulation, the separate and undisturbed state-court judgments independently require dismissal under res judicata and collateral estoppel.

## IV.    EVEN IF THE COURT REJECTS ROOKER-FELDMAN, THE COMPLAINT STILL FAILS UNDER RULE 12(b)(6), AND THE STATE DEFENDANTS REMAIN IMMUNE.

Plaintiff's Objections proceed from the mistaken premise that, if the Court disagrees with the R&R's application of Rooker-Feldman, this action must continue. It need not. Defendants moved to dismiss under both Rules 12(b)(1) and 12(b)(6) and separately demonstrated that the Complaint fails to state a claim. *See* Defs.' Mem., DE [91-11] at 8–21; Defs.' Reply, DE [93] at

6–10. The R&R did not reject those arguments; after finding Rooker-Feldman dispositive, Magistrate Judge Locke expressly "decline[d] to address Defendants' other arguments, including whether Plaintiff otherwise states a claim for relief." R&R at 6. Those fully briefed grounds therefore remain available as independent bases for dismissal.

Most fundamentally, Plaintiff's contention that MTGLQ lacked standing does not state an affirmative cause of action. Standing is a defense to be raised in the foreclosure proceeding, not an actionable wrong supporting a separate federal lawsuit. *See Karamath v. U.S. Bank, N.A.*, No. 11-CV-1557, 2012 WL 4327613, at *7 (E.D.N.Y. Aug. 29, 2012), report and recommendation adopted, 2012 WL 4327502 (E.D.N.Y. Sept. 20, 2012). Likewise, New York does not recognize Plaintiff's freestanding wrongful-foreclosure theory. *See Guido v. Wells Fargo Bank, N.A.*, No. 16-CV-1568, 2017 WL 5515859, at *4 (S.D.N.Y. Mar. 21, 2017), aff'd, 699 F. App'x 54 (2d Cir. 2017). The subsequent resolution of the Foreclosure Action does not transform either theory into a cognizable cause of action.

Plaintiff's FDCPA claim independently fails. As Defendants demonstrated, the Complaint does not plausibly identify an actionable debt-collection practice and, insofar as the claim rests upon conduct associated with commencement of the 2018 Foreclosure Action, it was asserted outside the FDCPA's one-year limitations period. The Complaint also fails to plead facts plausibly establishing that any particular Defendant qualifies as a "debt collector" within the meaning of the FDCPA or that any Defendant engaged in conduct prohibited by the statute. *See* 15 U.S.C. §§ 1692a(6), 1692k(d); *Nath v. Select Portfolio Servicing, Inc.*, No. 15-CV-8183 (KMK), 2017 WL 782914, at *11 (S.D.N.Y. Feb. 28, 2017); *Benzemann v. Citibank N.A.*, 806 F.3d 98, 100-103 (2d Cir. 2015); Defs.' Mem., DE [91-11] at 13–15. Nothing about the later settlement cures any of these defects.

Plaintiff's TILA theory likewise remains independently deficient. Defendants demonstrated that Plaintiff's 2014 notice was untimely because the required disclosures had been provided at consummation and separately relied on Plaintiff's subsequent execution of a 2017 loan modification, which is incompatible with his contention that the Mortgage had ceased to exist years earlier. Moreover, none of the named Defendants is alleged to be the creditor or assignee upon whom Plaintiff's asserted TILA rescission obligations could be imposed. *See* 15 U.S.C. §§ 1602(g), 1635(b), 1641(c); *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 261–62 (2015); Defs.' Mem., DE [91-11] at 15–16; Defs.' Reply, DE [93] at 6–8. The subsequent settlement-based vacatur cures none of these defects.

The remaining causes of action fare no better. Defendants separately demonstrated that Plaintiff's contract, slander, credit-reporting, emotional-distress, improper-service, and related theories are untimely, inadequately pleaded, or noncognizable. *See* Defs.' Mem., DE [91-11] at 17–21; Defs.' Reply, DE [93] at 9–10. Plaintiff's Rooker-Feldman objection does not address or cure those independent deficiencies.

Defendants also demonstrated independently dispositive grounds specific to particular defendants that are wholly unaffected by the subsequent settlement or vacatur. The State Defendants established that sovereign immunity bars the claims against the State of New York and that Judge Sullivan is entitled to absolute judicial immunity for acts undertaken in his judicial capacity. *See* State Defs.' Supp. Mem., DE [95] at 4–6. The Nassau County Defendants likewise demonstrated that Plaintiff's sole allegation against them, that they declined to record his purported Notice of Cancellation, provides no basis for liability where Plaintiff's own exhibit showed that no court order authorized cancellation of the Mortgage. *See* Defs.' Mem., DE [91-11] at 15–16

n.6. None of these independently dispositive grounds is affected by the subsequent disposition of the Foreclosure Action.

Accordingly, even if the Court rejects the R&R's Rooker-Feldman analysis, the independent Rule 12(b)(6) and immunity grounds already briefed by Defendants require dismissal.

## V.      PLAINTIFF'S PROPOSED AMENDMENT REMAINS FUTILE, AND HIS POST-BRIEFING MOTIONS SHOULD BE DENIED.

Plaintiff's Objections likewise provide no basis to disturb the R&R's recommendation that his motion to amend or supplement, DE [96], letter motion for declaratory and/or injunctive relief, DE [102], and motion for declaratory judgment, DE [108], be denied. The R&R correctly recognized that Plaintiff's proposed pleading merely adds MTGLQ, JPMorgan Chase Bank, N.A., Shellpoint, SN Servicing, and U.S. Bank while asserting claims that "mirror those set forth in the original Complaint." R&R at 13–14. It likewise recognized that DE [102] and DE [108], notwithstanding their different labels, seek essentially the same substantive relief: a determination that Plaintiff rescinded the Mortgage under TILA and an order requiring that the Mortgage be canceled. *Id.* at 14–15.

Leave to amend or supplement is properly denied where the proposed claims would be futile. *See Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015); *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). That remains the case regardless of whether the Court accepts Plaintiff's argument concerning the subsequent vacatur. The proposed claims continue to arise from the same Mortgage, alleged rescission, standing theories, and foreclosure-related conduct underlying the operative Complaint and therefore remain subject to the independent release, preclusion, and Rule 12(b)(6) bars discussed above. The subsequent Heitner judgment only reinforces that futility. Plaintiff sought cancellation of the same Mortgage after the settlement, and

the state court rejected his position and dismissed the action with prejudice. *See* Supp. Gold Decl. Exs. 5–6.

Indeed, the release is not a newly fashioned objection to Plaintiff's proposed supplementation. Defendants raised that precise issue in response to DE [96]. DE [97] explained that, through the June 2025 Stipulation, Plaintiff released SN Servicing and U.S. Bank from claims arising out of or relating to the foreclosure dispute and expressly agreed that the release could be asserted against such claims in "any court anywhere." DE [97] at 1–2. The proposed claims against those entities are therefore independently barred by the release. As to the remaining proposed Defendants, the preclusion and substantive deficiencies discussed above render amendment futile.

DE [102] and DE [108] fare no better. Plaintiff ultimately seeks a declaration that his April 2014 rescission was effective under 15 U.S.C. § 1635 and an order requiring cancellation of the Mortgage. The Declaratory Judgment Act, however, is "procedural only" and "does not create an independent cause of action." *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244-45 (2d Cir. 2012). Thus, whatever label Plaintiff assigns to DE [102] and DE [108], those motions still depend upon the viability of Plaintiff's underlying TILA and mortgage-cancellation theories. The subsequent vacatur does not make those theories viable or cure the release, preclusion, and pleading defects discussed above.

The same is true of Plaintiff's proposed amendment. The subsequent vacatur neither supplies a viable basis for the claims proposed in DE [96] nor creates an entitlement to the declaratory or equitable relief sought in DE [102] and DE [108]. Accordingly, the proposed amendment remains futile, and DE [96], DE [102], and DE [108] should be denied.

## VI. THE ABSTENTION GROUNDS PREVIOUSLY RAISED PROVIDE ADDITIONAL BASES FOR DENYING PLAINTIFF'S REMAINING REQUESTS FOR RELIEF.

Defendants also preserved Younger and Colorado River abstention as alternative grounds in their opening and reply papers, which the R&R had no occasion to reach after finding Rooker-Feldman dispositive. *See* R&R at 5–6; Defs.' Mem., DE [91-11] at 7–13; Defs.' Reply, DE [93] at 4–5. Although neither doctrine is necessary to dismissal in light of the independent grounds above, the subsequent settlement did not eliminate those arguments.

Younger supplies an additional basis to deny Plaintiff's requests for declaratory and equitable relief. Plaintiff's contention that Younger ceased to apply once the Foreclosure Action was subsequently settled employs the wrong temporal inquiry. The Second Circuit has held that Younger "is evaluated at the time of filing, and it is not continuously re-evaluated throughout the pendency of a proceeding." *Gristina v. Merchan*, 131 F.4th 82, 87 (2d Cir. 2025). When Plaintiff commenced this action, the Foreclosure Action remained pending, the Judgment of Foreclosure and Sale had been entered, appellate review had not concluded, and Plaintiff sought federal declaratory and equitable relief that would interfere with the state court's adjudication and enforcement of rights concerning the same Mortgage. State-court orders relating to foreclosure fall within Younger's protection of proceedings uniquely in furtherance of the state courts' ability to perform their judicial functions. *See Toczek v. Alvord*, 841 F. App'x 263, 266–67 (2d Cir. 2021) (summary order); *Deutsche Bank Nat'l Tr. Co. v. Criscuolo*, No. 19-CV-3760 (JRC), Dkt. 128, at 8–13 (E.D.N.Y. Mar. 27, 2026). Accordingly, the later settlement does not retroactively eliminate Younger as an alternative ground to deny Plaintiff's requests for declaratory and equitable relief.

Colorado River provides a further alternative as to any surviving claim requiring this Court to determine the validity, enforceability, rescission, or cancellation of the Mortgage. The post-briefing state-court developments only strengthen that argument. In Index No. 621747/2025, the same Plaintiff sued U.S. Bank and MTGLQ seeking cancellation of the same Mortgage

encumbering the same Property based upon the same 2025 Stipulation and reinstatement payments. The state court adjudicated those issues, dismissed the action with prejudice, and Plaintiff appealed to the Second Department, where that appeal is now pending. *See* Supp. Gold Decl. Exs. 5–7. Thus, the state and federal proceedings substantially overlap as to the core mortgage dispute: both concern the same Plaintiff, the same Mortgage, the same alleged rescission, the effect of the same settlement and payments, and the same fundamental contention that the Mortgage should no longer be enforceable. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–19 (1976).

The considerations particularly relevant here favor deference to the state proceeding. The state litigation has already proceeded through a merits judgment and is now pending on appeal, while this action remains at the pleading stage. Allowing both proceedings to advance would create a substantial risk of piecemeal and inconsistent determinations concerning the same Mortgage, Stipulation, payments, and alleged rescission, including the prospect that this Court would adjudicate the validity or enforceability of the Mortgage while the Second Department is reviewing the state-court determination concerning those same issues. Courts in this District have applied Colorado River where federal foreclosure-related claims substantially duplicated issues being litigated in state court, including where the federal plaintiff sought cancellation and discharge of the underlying mortgage. *See Zulli v. JPMorgan Chase Bank*, No. 23-CV-3519 (JMA)(AYS), 2025 WL 2482300, at *7–12 (E.D.N.Y. Aug. 27, 2025).

Thus, if any claim requiring adjudication of the validity, enforceability, rescission, or cancellation of the Mortgage survives the independent grounds above, Colorado River provides an additional basis for dismissal without prejudice.

**<u>CONCLUSION</u>**

- 17 -

For the foregoing reasons, Defendants respectfully request that the Court overrule Plaintiff's Objections, adopt the Report and Recommendation's recommended disposition, grant Defendants' motion to dismiss the Complaint in its entirety, and deny Plaintiff's motion to amend or supplement, DE [96], letter motion for declaratory and/or injunctive relief, DE [102], and motion for declaratory judgment, DE [108].

Alternatively, if the Court concludes that the subsequent settlement and vacatur alter the R&R's Rooker-Feldman analysis, dismissal remains independently warranted based upon the binding Stipulation and release, res judicata and collateral estoppel, and the Rule 12(b)(6) and immunity grounds previously briefed by Defendants. Plaintiff's proposed amendment and post-briefing motions likewise remain futile and should be denied. To the extent any claim requiring adjudication of the validity, enforceability, rescission, or cancellation of the Mortgage survives those independent grounds, abstention provides an additional basis to decline the requested relief.

Dated July 28, 2026

<div style="margin-left: 40%;">

**NYS OFFICE OF THE ATTORNEY GENERAL**

*/s/ Beth M Kaufman*
Beth M Kaufman, Esq.
200 Old Country Road, Suite 240
Mineola, New York 11501
516-248-3331
Email: beth.kaufman@ag.ny.gov
*Attorneys for Defendants the State of New York and David P. Sullivan*


**OFFICE OF THE COUNTY ATTORNEY**

*/s/ Matthew Rozea*
Matthew M. Rozea, Esq.
1 West Street
Mineola, New York 11501
516-571-0709
Email: mrozea@nassaucountyny.gov

</div>

*Attorneys for Defendants Maureen O'Connell and Arthur Nastre*

**WILSON ELSER MOSKOWITZ, EDELMAN & DICKER**

*/s/ Joseph Francoeur and Evgenia Soldatos-Mouzouris*
Joseph Francoeur, Esq.
Evgenia Soldatos-Mouzouris, Esq.
150 E 42nd Street, 21st Floor
New York, New York 10017
516-519-2297
Email: joseph.francoeur@wilsonelser.com and
eve.soldatos@wilsonelser.com
*Attorneys for Defendant Ronald D. Weiss P.C.*

**FRIEDMAN VARTOLO LLP**

*/s/ Zachary Gold*
Zachary Gold, Esq.
85 Broad Street, Suite 501
New York, New York 10004
212-471-5187
Email: zgold@friedmanvartolo.com
*Attorneys for Defendants Juliana Thibaut, Zachary Robin Gold, Sean Monahan, Michael Nardolillo and Friedman Vartolo LLP*

**KNUCKLES KOMOSINSKI & MANFRO, LLP**

*/s/ John E. Brigandi*
John E. Brigandi, Esq.
600 East Crescent Avenue, Suite 201
Upper Saddle River, New Jersey 07458
201-391-0370
Email: jeb@kkelaw.com
*Attorneys for Defendants Richard F. Komosinski and Knuckles Komosinski & Manfro, LLP*